### CHARLES C. SHEPHERD v. JOHN L. SLIKER.

1. In a proceeding by a landlord to obtain possession of leased premise,. under the act of 4th March, 1847, it is not sufficient to aver in the complaint that the term of the tenancy expired on a certain day past, and that the tenant held over, although notice to quit had been given him. The statement that it expired on such a day is not a fact, but a conclusion of law, and is insufficient.

2. The proceedings should be summary; and if the plaintiff in *certiorari*, upon the return of the writ or the perfecting of the record, does not bring on the hearing of the case, the defendant may move to quash the writ, on the ground that this court has no jurisdiction.

---

On *certiorari* to a justice of the peace.

Argued before Justices HAINES and VAN DYKE.

For the plaintiff, *A. B. Woodruff*.

For the defendant, *S. Tuttle*.

The opinion of the court was delivered by

HAINES, J.    This case comes before the court on a writ of *certiorari* to a justice of the peace, in a proceeding between landlord and tenant, under the act of 4th March, 1847. *Nix. Dig.* 422.*

The counsel of the defendant in *certiorari* moved to dismiss the writ for want of jurisdiction in this court, inasmuch

---

* *Rev., p.* 576, § 29, amended.

as the seventh section provides that the proceedings had by virtue of the act shall not be appealed from nor removed by *certiorari*. The counsel of the plaintiff objected to the hearing of the motion to dismiss, because the case was ready for argument on the motion to reverse and set aside the proceedings of the justice, on the ground that they were not had by virtue of the act, and that the justice had no jurisdiction of the case, and consequently the writ was not prohibited. Counsel were heard on both motions, which, upon the merits, involved but one question, namely, whether the proceedings before the justice were under and by virtue of the act. If they were, the justice had jurisdiction and the court has not, and the *certiorari* is prohibited and must be dismissed. But if the proceedings below were not under and by virtue of the act, the justice had no jurisdiction, but this court has, and the *certiorari* is well taken.

The landlord sought to remove his tenant upon the ground that the term of his tenancy had expired. And in his complaint he avers that it expired on the sixth day of April; and that the tenant held over, notwithstanding a notice to quit had been given. No facts are set forth from which the justice could determine whether the relation of landlord and tenant existed between the parties, nor when nor how the tenancy, if any, commenced, nor when it expired. The statement that it expired on the sixth day of April is not an allegation of a fact, but a conclusion of law. On the authority of *Fowler* v. *Roe*, 1 *Dutcher* 551, that is a fatal error.

The propriety of such determination is illustrated by the sequel of this case. On the trial before the justice, it appears by the agreement, in the nature of a lease, that Shepherd, the tenant, held the premises for one year, with the privilege, at his option, of remaining three years. It also appeared that he had made his election to remain during the three years, and had given due notice of it to Sliker, his landlord. And so his lease had not expired, and the justice, consequently, had no jurisdiction of the case. Had the terms of the lease been set out in the complaint, the justice

would have seen that the lease was contingent, and without an allegation of the contingency being waived, he would not have entertained the complaint.

His proceedings must be set aside, and for nothing holden.

On the question as to the propriety of entertaining a motion to dismiss a *certiorari* in a case of landlord and tenant, it may not be inappropriate to repeat what has several times heretofore been declared on the subject.

The proceedings on a writ of *certiorari*, in such case, should be summary, and without any unnecessary delay. If, therefore, upon the return of the writ and the perfecting of the record, the counsel of the plaintiff neglects or refuses to bring on the argument on the motion to reverse the proceedings of the justice, the counsel of the defendant may, with much propriety, be heard on a motion to quash the writ and the proceedings under it. If, on such motion, it appear that the court has no jurisdiction, justice can be done speedily, and the landlord restored to the rightful possession of his property without any unnecessary delay.

Proceedings set aside.

VAN DYKE, J., concurred.